E-FILED
Wednesday, 20 December, 2006 04:42:49 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC BARTHELEMY,<br>4367 Leonore Drive<br>Decatur, IL 62526<br><br>　　　　Plaintiff,<br><br>v.<br><br>NORFOLK SOUTHERN RAILWAY<br>COMPANY,<br><br>　　　　Defendant.<br><br>Serve: Richard Boyle<br>　　　　Registered Agent<br>　　　　5000 West Main Street<br>　　　　Belleville, IL 62223 | Cause No. 06-2238<br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT
### Federal Employers' Liability Act

### COUNT I

COMES NOW Plaintiff, Eric Barthelemy, by and through his attorneys, Rathmann & O'Brien, L.L.C. and for his cause of action against the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY (hereinafter referred to as "NORFOLK SOUTHERN"), a corporation, states:

1. Plaintiff, Eric Barthelemy, is and was at all times relevant a resident of Decatur, Illinois.

1

2. Defendant, Norfolk Southern, is a corporation duly organized and existing according to law and duly authorized to engage in, and was engaged in, business as a common carrier by railroad in interstate commerce in the State of Illinois and specifically in the territory which comprises the United States District Court of the Central District of Illinois.

3. Plaintiff was employed by defendant in interstate commerce and, therefore, is entitled to bring his cause of action set forth below under a federal statute known as the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

4. This District Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1331, a federal question arising under the law of the United States of America.

5. Venue of this action is proper in the United States District Court for the Central District of Illinois pursuant to the terms of the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

6. That on or about December 30, 2005 while employed as an engineer for the defendant, Norfolk Southern, and during the course of his employment while working in Decatur, Illinois, plaintiff was seriously and permanently injured when dismounting an engine, causing plaintiff to be injured.

7. Plaintiff's hereinafter stated injuries and damages were due in whole or in part as a result of the negligent acts or omissions of the defendant in one or more of the following particulars:

a) Failed to provide Plaintiff with a reasonably safe place to work; or

b) Failed to provide reasonably safe conditions for work; or

c) Failed to provide reasonably safe methods of work; or

d) Failed to provide reasonably safe pathways; or

e) Failed to follow its own ballast standards concerning the size of ballast used in yards and walkways.

8. As a result of the aforementioned conduct of the Defendant, Plaintiff was caused to suffer the following serious, painful, and permanent injuries and/or aggravated a pre-existing condition, to-wit: Plaintiff suffered injuries to his left achilles tendon, back, left knee and adjacent structures; Plaintiff was caused to undergo medical treatment, tests, x-rays and surgery for same conditions.

9. Plaintiff states that, by reason of the foregoing, Plaintiff was required to undergo necessary medical, therapeutic care and treatment, surgery, and that Plaintiff incurred and became obligated for the aforesaid care and treatment; Plaintiff will in the future be caused to expend further such sums for medical treatment

10. Plaintiff states that as a direct and proximate result of the aforesaid occurrence and the negligence of Defendant, its agents, servants and employees, Plaintiff sustained an injury with past wage loss and future loss of earning capacity, loss of enjoyment of life, mental anguish, pain and suffering. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage in a sum

to be determined.

WHEREFORE, Plaintiff, Eric Barthelemy, and for Count I, prays for trial by jury and judgment against the defendant, Norfolk Southern Railway Company, in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the Court, together with his costs expended herein.

## COUNT II

COMES NOW plaintiff, Eric Barthelemy, by and through his attorneys, Rathmann & O'Brien, L.L.C., and for Count II of his cause of action against the defendant, Norfolk Southern Railway, a corporation, states:

11. Plaintiff restates and realleges paragraphs 1 through 5 of Count I, as if fully set forth herein.

12. That at all times hereinafter mentioned, plaintiff, Eric Barthelemy, was employed by the defendant, Norfolk Southern Railway Company, in interstate commerce.

13. That since 1967, plaintiff was employed as an engineer for the defendant, Norfolk Southern, at or near Decatur, Illinois, plaintiff was required to walk and work in large, oversize ballast and ride on locomotives over rough tracks on defective seats causing injuries and/or aggravating a pre-existing condition to his back and left knee causing him to be seriously and permanently injured.

14. Plaintiff states that his injuries and damages were due in whole or in part as a result of the negligent acts or omissions of the defendant in failing to provide plaintiff with a reasonably safe place to work in one or more of the following:

   a) Failed to provide Plaintiff with a reasonably safe place to work; or

   b) Failed to provide reasonably safe conditions for work; or

   c) Failed to provide reasonably safe methods of work; or

   d) Failed to enact a comprehensive ergonomics program; or

   e) Defendant failed to provide reasonably safe equipment or tools for work; or

   f) Defendant failed to provide adequate protection from exposure to cumulative trauma; or

   g) Defendant failed to provide adequate training; or

   h) Defendant failed to provide adequate safety or personal protective equipment; or

   i) Defendant failed to warn plaintiff of the danger of exposure to cumulative trauma; or

   j) Defendant failed to provide adequate help; or

   k) Defendant required plaintiff to repetitively use his back and lower extremities; or

   l) Defendant required plaintiff to repetitively use his back and lower extremities in awkward positions and did not warn him of the dangers of so doing; or

5

- m) Defendant failed to follow the recommendations of the AAR ergonomics studies performed in the late 1980's and early 1990's; or

- n) Defendant knew of the risks of repetitive trauma to its employees and failed to warn plaintiff; or

- o) Defendant failed to follow the recommendations of its own internal group studying the issue of cumulative trauma; or

- p) It failed to provide reasonably safe pathways; or

- q) Failed to provide Plaintiff with a reasonably safe place to work; or

- r) Failed to provide reasonably safe conditions for work; or

- s) Failed to provide reasonably safe methods of work; or

- t) Failed to provide reasonably safe pathways; or

- u) Failed to follow its own ballast standards concerning the size of ballast used in yards and walkways; or

- v) Failed to comply with 49 C.F.R. 213.

15. As a result of the aforementioned conduct of the defendants, plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: plaintiff suffered injuries to his back, left knee and adjacent structures; plaintiff was caused to undergo x-rays and painful tests; he was caused to undergo medical treatment; plaintiff has lost the wages of his employment with defendant and will in the future lose further such wages; plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further

such sums. Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of defendant's negligence. Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to plaintiff's damage in a sum to be determined.

WHEREFORE, plaintiff prays for trial by jury and judgment against defendant, Norfolk Southern Railway Company in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the court, together with his costs expended herein.

### COUNT III

COMES NOW plaintiff, Eric Barthelemy, by and through his attorneys, Rathmann & O'Brien, L.L.C., and for Count III of his cause of action against the defendant, Norfolk Southern Railway Company, a corporation, states:

16. Plaintiff restates and realleges paragraphs 1 through 5 of Count I, as if fully set forth herein.

17. That since 1967, plaintiff worked for defendant as an engineer in interstate commerce and was exposed to loud noise which caused hearing loss which was discovered by plaintiff to be work related in 2006.

18. Plaintiff states that his injuries and damages resulted in whole or in part from the negligent acts or omissions of the Defendant in one or more of the following particulars:

    a)    Defendant failed to provide Plaintiff with a reasonably safe place to work; or

    b)    Defendant failed to provide reasonably safe conditions for work; or

    c)    Defendant failed to provide reasonably safe methods of work; or

    d)    Defendant failed to enact a comprehensive hearing conservation program; or

    e)    Defendant failed to provide reasonably safe equipment or tools for work; or

    f)    Defendant failed to provide adequate hearing protection; or

    g)    Defendant failed to warn plaintiff of the dangers of the levels of noise he was exposed to at work; or

    h)    Defendant intentionally or fraudulently hid from plaintiff the levels of noise he was exposed to and the risks to his hearing caused by noise at work; or

    i)    Defendant failed to follow the recommendations of OSHA or the FRA regarding exposure to noise at work; or

    j)    Defendant knew of plaintiff's hearing loss and failed to inform him that it was related to exposure to noise at work.

19.    As a result, in whole or in part, of the aforementioned conduct of the Defendant, Plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: Plaintiff suffered injuries to his ears, hearing, and the nerves, soft tissues, bones and structures of the ears; Plaintiff suffered and will continue to suffer tinnitus and mental anguish; Plaintiff was caused to undergo medical treatment, tests, therapy and will require future medical treatment; Plaintiff has lost wages, fringe benefits and will in the

future lose further such wages and fringe benefits; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums for medical treatment.  Plaintiff has suffered pain and suffering and will in the future have pain and suffering as a result of Defendant's negligence.  Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's damage.

WHEREFORE, Plaintiff, Eric Barthelemy, and for Count III, prays for trial by jury and judgment against the defendant, Norfolk Southern Railway Company, in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the Court, together with his costs expended herein.

RATHMANN & O'BRIEN, L.L.C.

/s/ Patrick S. O'Brien
PATRICK S. O'BRIEN #3127549
1031 Lami Street
St. Louis, Missouri 63104
(314) 773-3456 (Telephone)
(314) 773-7238 (Facsimile)

*Attorneys for Plaintiff*

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ERIC BARTHELEMY

**(b)** County of Residence of First Listed Plaintiff: Macon
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Patrick S. O'Brien, Rathmann & O'Brien, LLC
1031 Lami, St. Louis, MO 63104 (314) 773.3456

## DEFENDANTS
NORFOLK SOUTHERN RAILWAY COMPANY

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause:
45 USC Section 51

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ →$75K
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER 06-2238

DATE: 12/15/06
SIGNATURE OF ATTORNEY OF RECORD: Patrick O'B.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____